# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ED KASHI,<br>    Plaintiff,<br><br>v.<br><br>MCGRAW-HILL GLOBAL EDUCATION HOLDINGS AND MCGRAW-HILL SCHOOL EDUCATION HOLDINGS, LLC,<br>    Defendants. | CIVIL ACTION<br><br><br><br>NO. 17-1818 |

## MEMORANDUM OPINION

Plaintiff Ed Kashi, a professional photographer, brings this suit under the Copyright Act, 17 U.S.C. § 101 *et seq.*, against Defendants McGraw-Hill Global Education Holdings and McGraw-Hill School Education Holdings LLC (collectively, "McGraw-Hill") for using his photos in their publications without paying him. McGraw-Hill has filed a motion to dismiss or, in the alternative, to strike certain allegations. For the reasons set forth in this opinion, McGraw-Hill's motion is denied in its entirety.

## I. FACTS

Ed Kashi makes his living by creating and licensing photographs. At some point, he entered into licensing agreements with stock photo companies, granting them a limited right to sublicense his photos to third parties in exchange for a percentage of the fees they negotiated. Sometime after 1995, McGraw-Hill licensed the use of Kashi's photographs. Some of the photographs were registered with the United States Copyright Office. Others had pending copyright registrations. In any event, any license that McGraw-Hill obtained to use the photographs was expressly limited in how it could be used by publication, number of copies, distribution area, image size, language, duration, and the type of media (print or electronic).

For the purposes of McGraw-Hill's motion to dismiss, the photographs at issue in this matter can be divided into three categories. The first category involves those for which McGraw-Hill was invoiced. Exhibit 1 to the Complaint identifies the photographs by image ID and includes, among other information, the invoice number, and in some cases, the name of the publications in which the photograph was used.

The second category of documents is contained in a spreadsheet attached as Exhibit 2 to the Complaint. This spreadsheet contains the image ID and the name of the publications in which the photograph appeared, but does not contain any invoice information.[1]

The third category of documents is set forth in Paragraph 15 of the Complaint, in which Kashi alleges generally that McGraw-Hill, after obtaining access to Kashi's copyrighted photographs, "used them in additional publications without permission, or in excess of permission granted, but Plaintiff has no way of discovering these additional, unauthorized uses." Complaint ¶ 15. The Complaint goes on to further allege that McGraw-Hill "alone knows the full extent to which it has infringed Plaintiff's copyrights by making unauthorized uses of the Photographs." Complaint ¶ 16.

## II. PROCEDURAL POSTURE

McGraw-Hill has filed a motion to dismiss or, in the alternative, to strike immaterial allegations, pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(f)(2), respectively. Regardless of procedural rubric, McGraw-Hill seeks the same result: dismissal (or striking) of all claims premised on photographs for which Plaintiff has failed to plead a valid, in-force copyright registration; claims premised on photographs that McGraw-Hill has published, but Plaintiff has not identified the books in which they were published (entries numbered 48 and 54 of Exhibit 1

---

[1] Both Exhibits 1 and 2 contain a column entitled "Registration information," which includes a registration number and a registration date for each of the photographs.

to the Complaint); and, claims premised on Paragraph 15 of the Complaint, which, without identifying any specific photograph or any publications in which the unidentified photographs were published, alleges that Kashi's photographs were used "in additional publications without permission."

### III. LEGAL STANDARD

At the motion to dismiss stage, all well-pled factual allegations in the complaint are assumed true. *See Warren Gen. Hosp. v. Amgen, Inc.*, 643 F.3d 77, 84 (3d Cir. 2011). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 556-57 (internal quotation marks omitted)). "Context matters in notice pleading," and thus "some complaints will require at least some factual allegations to make out a 'showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Phillips v. County of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 555). A plaintiff must plead sufficient factual matter to suggest the elements of the claim. *See Great Western Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 177 (3d Cir. 2010). This simply requires the facts to "raise a reasonable expectation that discovery will reveal evidence of the necessary element." *Id.*

The Court's analysis of the motion to dismiss proceeds in three steps: first, outline the elements of the claim alleged; second, remove any legal conclusions; and third, look for well-pled factual allegations and assume they are true. *See Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012) (citing *Iqbal*, 556 U.S. at 679) (citations omitted).

## IV. ANALYSIS

To be viable, a claim of copyright infringement requires pleading two elements: first, ownership of a valid copyright, and second, unauthorized use of the original, constituent elements of the work. *See Star Athletica L.L.C. v. Varsity Brands, Inc.*, 137 S. Ct. 1002, 1008 (2017); *Marino v. Usher*, 22 F. Supp. 3d 437, 442 (E.D. Pa. 2014), *aff'd*, 673 Fed. App'x 125 (3d Cir. 2016), *petition for cert. filed*, No. 16–1332 (May 5, 2017).

### A. Copyright Registrations

The Copyright Act is clear that "no civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title." 17 U.S.C. § 411(a). *Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154, 166 (2010) (holding Section 411(a) is not a jurisdictional bar to filing a suit); *Gregory S. Markantone DPM, P.C. v. Podiatric Billing Specialists, LLC*, 599 Fed. App'x 459, 460 (3d Cir. 2015) (declining to excuse plaintiff's failure to fulfill § 411(a)'s registration requirement). McGraw-Hill contends in its opening brief that thirty four of the photographs at issue had pending copyright registrations, and thus, no cognizable claims could arise from any use of those photographs. In response, Kashi attached to his opposition brief an affidavit from his lawyer annexing revised versions of Exhibits 1 and 2 of the Complaint, showing that, in the intervening period between the filing of the Complaint and the motion to dismiss, all registrations had been granted. Both McGraw-Hill and Kashi request he be allowed to amend his

4

Complaint to include registrations approved after Kashi filed his Complaint. Leave shall be granted and that part of McGraw-Hill's motion which concerns pending copyright registrations shall be denied.

### B. Pleading Requirements

What remains of McGraw-Hill's motion to dismiss is its contention that Plaintiff has inadequately pled the second element of the *prima facie* case for copyright infringement—unauthorized use of the original, constituent elements of Plaintiff's works—with respect to the two photographs listed as entries 48 and 54 of Exhibit 1 to the Complaint as well as all claims premised on "additional publications" referred to generally in Paragraph 15 of the Complaint.

Defendants argue that in the context of a copyright claim, Federal Rule of Civil Procedure 8(a)'s mandate that a complaint include a "short and plain statement of the claim showing that the pleader is entitled to relief," is augmented by requirements set forth in *Gee v. CBS Inc.*, 471 F. Supp. 600 (E.D. Pa.), *aff'd without op.*, 612 F.2d 572 (3d Cir. 1979). According to Gee, in order to properly plead a claim for copyright infringement, a plaintiff must also include allegations describing "which specific original work is the subject of the copyright claim, that plaintiff owns the copyright, that the work in question has been registered in compliance with the statute and by what acts and during what time defendant has infringed the copyright." *Id.* at 643. Although the Third Circuit affirmed *Gee* without opinion, it did so summarily without providing any explanation for the panel's reasoning. Thus, the affirmance has no precedential value. *See* Third Circuit, INTERNAL OPERATING PROCEDURES 6.1–6.4 (2017), http://www2.ca3.uscourts.gov/legacyfiles/IOPs.pdf (noting judgment orders may be filed when the panel "determines that a written opinion will have no precedential or institutional value."). Indeed, apart from that

summary affirmance there has not been a whiff anywhere that the Third Circuit Court of Appeals has adopted *Gee's* specific pleading requirements.  Indeed, the Third Circuit has recently reiterated that a plaintiff need only properly allege the two traditional elements of a copyright infringement claim to survive a motion to dismiss.  *Levey v. Brownstone Inv. Group, LLC*, 590 Fed. App'x 132, 135 (3d Cir. 2014).[2]  Thus, so long as the Plaintiff here has met this pleading requirement, Defendants have fair notice under Rule 8(a) of the claims against them.

### C. Entries 48 and 54

McGraw-Hill argues entries 48 and 54 of Exhibit 1 to the Complaint fail to state a claim because they do not identify the allegedly infringing books.  However, the information supplied by Kashi in his complaint—including an image ID number, registration number, the number and date of the invoice as well as the name of the licensor—has, by McGraw-Hill's own admission, provided it sufficient information to determine that entries 48 and 54 involve a "non-party Australian publisher."  Although this information—that an entity other than McGraw-Hill might have been responsible for the photographs' dissemination—might raise a valid defense for the Defendants here, it would be improper to consider this defense on a motion to dismiss, especially given the defense is not obvious from the face of the Complaint.  *See Schmidt v. Skolas*, 770 F.3d 241, 248–49 (3d Cir. 2014) ("a complaint need not anticipate or overcome affirmative defenses"

---

[2] Even if that were not the case, *Gee* is distinguishable. *Gee* involved a lawsuit by purported son of famous blues singer, Bessie Smith, against a recording company for copyright infringement. *Id*. at 609–10. The allegedly copyrighted works were created over 40 years before the suit was brought, and dates were crucial to the *Gee* court's analysis of the complaint. Accordingly, its focus was on determining "which of the claims . . . appeared to be time-barred, and to scrutinize as to those the tolling justification that plaintiffs . . . offered." *Id*. at 643. The *Gee* court could not proceed with its inquiry, as "none of the foregoing allegations . . . permit this Court to determine which copyright infringements occurred between 1923 and 1933 . . . and which alleged infringements occurred subsequently." *Id*. In short, statute of limitations defenses and other time-based problems riddled *Gee's* underlying facts and informed the court's analysis. Finding a lack of factual details concerning the dates of alleged infringement, the *Gee* court dismissed the case without leave to amend. *See id*. at 644.

and "courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record.") (internal citations omitted).

Accordingly, McGraw-Hill's motion to dismiss Kashi's claims premised on entries 48 and 54 of Exhibit 1 shall be denied.

### D. Paragraph 15

McGraw-Hill also seeks to dismiss Paragraph 15 of the Complaint, which pleads "upon information and belief" that McGraw Hill "used [plaintiff's work] in additional publications," but does not specifically identify what they are. Plaintiffs are entitled to plead upon information and belief "where it can be shown that the requisite factual information is peculiarly within the defendant's knowledge or control—so long as there are no boilerplate and conclusory allegations and plaintiffs accompany their legal theory with factual allegations that make their theoretically viable claim plausible." *McDermott v. Clondalkin Group, Inc.*, 649 Fed. App'x 263, 267–68 (3d Cir. 2016) (citing *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 216 (3d Cir. 2002)) (internal citations omitted). Here, as highlighted in Paragraph 15 by Kashi, he has no way of discovering the specifics of the alleged uses. What uses McGraw-Hill made of Plaintiff's photographs are peculiarly within its control, and it alone knows the full extent to which it used any of Kashi's copyrighted images. Reading the Complaint as a whole, other facts, which Plaintiff has been able to pin down, make the allegations of Paragraph 15 entirely plausible. Accordingly, McGraw-Hill's motion to dismiss Paragraph 15 shall be denied.

**October 12, 2017**

                  **BY THE COURT:**

                  **/s/Wendy Beetlestone, J.**

                  _____
                  **WENDY BEETLESTONE, J.**